IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSIE JAMES WHIGHAM,
    Plaintiff,

vs.                                              Case No. 5:07cv246/RS/EMT

DR. ROHAN,
    Defendant.
_____/

### REPORT AND RECOMMENDATION

        Plaintiff, an inmate proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (*see* Doc. 7).

        Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its

face. *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff was an inmate at the Bay County Jail Annex (the "Jail Annex") when the events relevant to this action occurred (*see* Doc. 1 at 5). *See also* Whigham v. Lippmann, No. 5:07cv159/RS/MD, Docs. 19, 23, 30 (case filed July 2, 2007) (notices of changes of address showing Plaintiff's transfer from the Jail Annex to the Florida Department of Corrections ("DOC") facility at Bay Correctional Facility ("Bay CF")). Plaintiff names Dr. Rohan as the sole Defendant in this matter (Doc. 1 at 1, 2). Plaintiff claims that his Eighth Amendment rights were violated by Defendant because he thought that he "had a chip bone in his left foot [and his] life has not been the same since [Defendant] told [him] that [he] had a chip bone in [his] foot" (*id.* at 7). Plaintiff also claims that he has suffered mental and emotional stress as a result of Defendant's actions (*see id.*).

In factual support of his claims, Plaintiff alleges that he slipped and fell in the shower at the Jail Annex *(id.* at 5). Plaintiff states that the jail arranged to have him examined by Defendant, an orthopaedic physician (*id.*). On July 11, 2007, Plaintiff was transported from the Jail Annex to Defendant's office for the examination (*id.*). Defendant examined Plaintiff's foot, took an x-ray, returned to the examining room with the x-ray, and showed the x-ray to Plaintiff (*id.*). Plaintiff alleges that Defendant pointed to the x-ray and advised Plaintiff that he had a "chip bone in [his] left foot" (*id.* at 5). Plaintiff then alleges that on August 9, 2007, he was sent to prison to serve a nineteen-month sentence in the DOC (*see id.*). On August 14, 2007, Plaintiff alleges that he was sent to the hospital to have "all kind[s] of test[s]" (*id.*). Plaintiff alleges that the hospital doctor did not find a "chip bone what so ever and chip bone don't heal. I don't think" (*id.*). Plaintiff does not allege that he suffered any physical injury of any kind. For relief, Plaintiff seeks damages in the amount of $100,000.00 (*id.* at 7). Plaintiff also requests an order of this court directing Defendant to "serve according to the law" (*id.*). Finally, Plaintiff demands costs and attorney's fees, if an attorney has to be hired to represent him, and any other relief that the court sees fit to award (*id.*).

Case No. 5:07cv246/RS/EMT

Plaintiff has failed to state a constitutional claim of inadequate medical treatment.  Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).  Incidents of mere negligence or malpractice do not rise to the level of constitutional violations.  Id.  (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).  Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment.  Id. (citations omitted).  Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077, 121 S. Ct. 774, 148 L. Ed. 2d 673 (2001).  First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'"  *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)).  Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment.  *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements.  *Id.* at 1258.  As to the objective prong, an objectively serious deprivation requires a showing of an objectively "serious medical need."  Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer, 511 U.S. at 834, 114 S. Ct. at 1977 (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm.").  In addition, an objectively serious deprivation requires a showing that the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06, 97 S. Ct. at 291–92 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105, 97 S. Ct. at 291. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245-46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris v. Thigpen, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

In the instant case, Plaintiff does not allege a complete denial of medical care; rather, he complains that after his foot was x-rayed, Defendant incorrectly advised him that he had a "chip bone in his left foot" (see Doc. 1 at 5). Plaintiff admits that he was able to see medical personnel but alleges that Defendant did not adequately treat or properly diagnose Plaintiff's injury. Plaintiff does not allege that Defendant's mistake denied him any substantial medical need. In fact, Plaintiff does not even allege that Defendant's mistake caused him physical injury. Plaintiff alleges only that he suffered "pain and suffering for thinking that [he] had a chip bone in his left foot" (Doc. 1 at 7). Moreover, even if Defendant had actually misdiagnosed Plaintiff the misdiagnosis was negligent at worst. Allegations of negligent conduct are insufficient to state a claim for inadequate medical treatment under the Eighth Amendment. Because Plaintiff has failed to allege facts showing that Defendant knew that his failure to provide treatment placed Plaintiff at serious risk of substantial harm, Plaintiff has failed to establish a constitutional claim. Furthermore, Plaintiff has not alleged

that Defendant intended for any denial of medical services to serve as a form of punishment. Thus, Plaintiff has failed to state a claim for inadequate medical treatment as to the named Defendant. As such, Plaintiff's claim is subject to dismissal for failure to state a claim upon which relief can be granted.

Furthermore, Plaintiff is not entitled to the damages he seeks because he has not alleged that he has suffered physical harm as a result of the alleged constitutional deprivation. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied,* 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff does not allege physical injury arising from Defendant's actions. Thus, Plaintiff's claim for damages is subject to dismissal because section 1997e(e) forbids the litigation of Plaintiff's claim for damages, absent an allegation of physical injury.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 7th day of December 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**